# STATE OF LOUISIANA

## PARISH OF ORLEANS

---

ROZELL McWILLIAMS        :       No. 7586

    versus        :

MISS AGNES J. FLANAGAN        :       COURT OF APPEAL

---

7586

O P I N I O N

**Max Dinkelspiel, Judge.**

---------------------

This suit is based on the following stipulations:

"May 21st, 1917.

"R. McWilliams,
"Real Estate Agent, City.
"Dear Sir:
"I hereby offer through you, to purchase the following property, to-wit:
"The property known as number 1525 St. Andrew Street with all grounds and improvements appertaining thereto, including all mantels and . . . . . for the sum of Thirty-five Hundred Dollars ($3500.00) . . . . . I will pay the taxes due and exigible in 1917 over and above the price of my offer. Act of sale to be taken on or before July 20th, 1917. Dr. Howard King to pay rent for premises from August 1st to September 30th, 1917, at the rate of $25.00 per month . . . . .
"If this offer is accepted I will deposit (5%) five per cent of the amount of above offer, act of sale at my expense and before F. Puig or any notary at my choice, notary public, which I bind myself to sign and pay to vendor purchase price provided the title is found on examination to be good, otherwise the sale is off, and the deposit made by me shall be returned.
"In case I fail to comply with above offer, if accepted, I agree to pay all loss and damage the said R. McWilliams may sustain by my failure to comply with my part of this agreement and also attorneys' fees which the said R. McWilliams may incur in suit to recover said loss and damage.
   (Signed) "Agnes J. Flanagan".

"I hereby accept the offer and terms made, and will pay R. McWilliams a commission of Three (3) per cent for making sale.
   (Signed) Howard D. King, M. D.,
     acting for Mrs. Howard D. King."

   (Signed) "Mrs. Howard D. King."

Appellant appeared in the suit and filed an exception of no cause of action. This exception being overruled, and no answer being filed, plaintiff took judgment against defendant by default. From that judgment defendant takes this appeal.

Article 1890, R.C.C., provides:

"**Stipulations for Benefit of Third Persons.** A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipu-

■

lated in his favor, the contract can not be revoked.
(Citing numerous authorities).

Article 1902 of the Revised Civil Code provides:

"Stipulations for the Benefit of Third Persons. But a
contract in which anything is stipulated for the benefit
of a third person, who has signified his assent to accept
it, can not be revoked as to the advantage stipulated in
his favor without his consent."

Article 1901, R.C.C., provides:

"Effect of Contracts. Agreements legally entered
into have the effect of laws on those who have formed
them.
"They cannot be revoked, unless by mutual consent of
the parties, or for causes acknowledged by law.
"They must be performed with good faith."

In the case of White v. Hart, 13 Wallace, 652, we quote from
the syllabus:

"Agreements cannot be impaired by a constitution any
more than by a legislative act."

"Contracts must be kept to the letter."
115 U.S. 108, Norrington v. Wright.

"A party is not required to demand performance of him
who has expressly refused to perform his obligation."
15 An., 247, Abels v. Glover.

The case of Stockton v. Hyde, 5 An. 300, is to the same effect.

The defendant, in his brief, cites, amongst other authorities,
the case of Escoubas, et als. v. La. Petroleum Co., 22 An., 283,
and also the case of Denis, Danziger & Tessier v. Tilton, 120 La.,
226. The first of these cases has no application whatsoever to
this case. In the last case, the court held that Mrs. Tilton
authorized the real estate firm of Denis, Danziger & Tessier to
sell for her property on Canal and University Place for $126,000.00,
on terms. Amongst others was the following – that no sale was
expected to be made of the property under the action by the plain-
tiff. Defendant insisted that before any sale should take place
under the agreement the purchaser, Fornaris, and herself should
come to an expressed specific agreement as to what kind of a hotel
he would erect on the property, or when he should erect one, and that
the terms of the agreement should be inserted in the act of sale.
Fornaris declined to enter into an agreement on those subjects.

Failing to agree, the sale fell through. Therefore plaintiff , the real estate firm, sued for their commissions, and defendant under the circumstances was held not bound, because Fornaris accepted in these words: "April 13, 1905. Sold to S. V. Fornaris as per written authority."

The stipulation in the present litigation was fulfilled by the real estate agent, McWilliams, and there was no fault on his part in any wise, hence we consider that he is entitled to the amount of his claim, together with attorneys' fees; and, for the reasons stated, the judgment is affirmed.